IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. _____ |
| v. | : | DATE FILED: _____ |
| LEAFORD GEORGE CAMERON, | : | VIOLATIONS: |
| a/k/a L. George Cameron, | | 18 U.S.C. § 1341 (mail fraud - 1 count) |
| a/k/a L. George W. Cameron, | : | 18 U.S.C. § 1343 (wire fraud - 2 counts) |
| a/k/a L. George William Cameron, | | 18 U.S.C. § 1001 (false statements - 3 |
| a/k/a L. St. George W. Cameron, | : | counts) |
| a/k/a L. St. George William, | | Notice of Forfeiture |
| Cameron, | : | |
| a/k/a George W. Cameron | | |

## INDICTMENT

## COUNT ONE

(Mail Fraud)

**THE GRAND JURY CHARGES THAT:**

At all times material to this indictment:

1. The Executive Office for Immigration Review ("EOIR"), a component of the U.S. Department of Justice, was responsible for administering the immigration courts throughout the United States, and adjudicating immigration cases in proceedings before the immigration courts, in appellate reviews, and in administrative hearings.

2. In order to represent clients in cases before the immigration courts, an attorney was required to enter his or her appearance by filing a Form EOIR-28 ("EOIR-28"), titled "Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court." An attorney was permitted to practice before the immigration courts only if the attorney

1

was a member in good standing of the bar of the highest court of any state, possession, territory, or Commonwealth of the United States, or the District of Columbia.

3. U.S. Citizenship and Immigration Services ("USCIS"), a component of the U.S. Department of Homeland Security ("DHS"), was responsible for performing administrative functions surrounding immigration to the United States, including processing immigrant visa petitions, naturalization petitions, and asylum and refugee applications.

4. In order to represent an applicant or petitioner in matters before USCIS, an attorney was required to submit a Form G-28 ("G-28"), titled "Notice of Entry of Appearance as Attorney or Accredited Representative," for each case in which the attorney sought to appear. An attorney was permitted to represent clients in matters before USCIS only if the attorney was a member in good standing of the bar of the highest court of any state, possession, territory, or Commonwealth of the United States, or of the District of Columbia.

5. During the time period from in or about May 2003 to in or about March 2015, defendant LEAFORD GEORGE CAMERON reported as his law firm's office address a location in Burlington, New Jersey. This address in fact was a single-family home in which defendant CAMERON lived.

6. Defendant LEAFORD GEORGE CAMERON was not, and has never been, a member of the bar of the Commonwealth of Pennsylvania, nor an attorney licensed to practice law by the Supreme Court of Pennsylvania.

## THE SCHEME

7. From at least in or about May 2003, through in or about February 2015, in the Eastern District of Pennsylvania, and elsewhere, defendant

**LEAFORD GEORGE CAMERON,**
a/k/a L. George Cameron,
a/k/a L. George W. Cameron,
a/k/a L. George William Cameron,
a/k/a L. St. George W. Cameron,
a/k/a L. St. George William Cameron,
a/k/a George W. Cameron

devised and intended to devise a scheme to defraud, and to obtain money and property through false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS

It was part of the scheme that:

8. Defendant LEAFORD GEORGE CAMERON operated a fraudulent law practice. Pursuant to his fraudulent law practice, defendant CAMERON pretended to be a lawyer in order to defraud victim "clients" by serving as their lawyer in legal matters.

9. Defendant LEAFORD GEORGE CAMERON fraudulently represented at least seventy-four victim "clients" in legal matters, including in immigration matters pending before USCIS and/or EOIR. These victim "clients" included

1. Z.-A.T.T.
2. T.T.T.
3. M.G.T.
4. T.M.T.
5. J.J.R.
6. C.R.
7. C.L.G
8. O.F.G.
9. L.K.G.
10. D.M.G.

3

11. J.G.
12. J.B.H.
13. A.H.
14. T.S.W.
15. R.W.
16. S.S.K.
17. T.K.
18. V.R.B.
19. A.P.C.
20. J.M.B.
21. S.H.C.
22. C.S.B.
23. J.B.
24. V.E.R.
25. B.R.
26. C.M.
27. H.A.H.
28. C.T.B.
29. R.G.
30. B.G.
31. R.S.R.
32. J.R.
33. M.D.
34. M.D.
35. R.D.
36. P.M.
37. C.S.
38. J.O.
39. W.C.
40. A.H.M.
41. J.B.
42. W.R.
43. U.R.
44. M.H.
45. T.F.
46. P.F.
47. L.A.
48. L.B.
49. L.W.
50. K.W.
51. L.K.
52. R.C.
53. A.L.
54. A.W.

    55.    D.H.
    56.    S.W.
    57.    J.D.
    58.    Q.D.
    59.    V.M.
    60.    L.M.
    61.    O.T.
    62.    V.S.
    63.    R.M.
    64.    E.M.
    65.    C.M.
    66.    M.T.
    67.    M.F.
    68.    C.E.
    69.    D.N.
    70.    G.N.
    71.    R.L.
    72.    D.D.
    73.    L.D.
    74.    S.S.

10. These victim "clients" resided in locations including Pennsylvania, New York, New Jersey, Connecticut, Florida, Illinois, Jamaica, and India.

11. Pursuant to his fraudulent law practice, defendant LEAFORD GEORGE CAMERON sought and obtained payment from his victim "clients" for fraudulent legal services.

12. As part of his fraudulent law practice, defendant LEAFORD GEORGE CAMERON filed motions and forms, wrote letters, and appeared and spoke in immigration court as the attorney representing his victim "clients."

13. When filing legal forms and documents in matters pending before USCIS and/or EOIR, defendant LEAFORD GEORGE CAMERON indicated – often under the penalty of perjury – that he was an attorney licensed to practice law by the Commonwealth of Pennsylvania.

14. Defendant LEAFORD GEORGE CAMERON used four separate

5

Pennsylvania Attorney Identification Numbers when filing such forms and documents. The four Pennsylvania Attorney Identification Numbers used by defendant CAMERON belonged to different persons, those being Pennsylvania attorneys C.V.H, W.G.H, C.L.H., and K.A.J.

15. Defendant LEAFORD GEORGE CAMERON signed such forms and documents with the suffix "Esquire" after his name, indicating that he was an attorney.

16. To facilitate his fraudulent law practice, Defendant LEAFORD GEORGE CAMERON pretended to be a partner at a fictitious law firm which he called, alternatively, "Cameron & Associates, P.C.," "Cameron, Hamilton & Associates, P.A.," or "Bernstein, Cameron, Hamilton & Assoc. P.A."

17. Pursuant to his fraudulent law practice, Defendant LEAFORD GEORGE CAMERON communicated with victim "clients," and with USCIS and EOIR, by sending letters with letterhead stating the name of his fake law firm at the top of the first page. The fictitious law firm's name appeared between images of the scales of justice.

18. The letterhead used by defendant LEAFORD GEORGE CAMERON also at times listed the names of other fictitious "lawyers" who supposedly were members of his fictitious law firm, and added official-sounding address markers to defendant CAMERON's address to make the residential address appear to be a business location: specifically, the terms "Suite B-1," "Suite B-2," or a P.O. Box number, were added to the address for defendant CAMERON's single family residence in Burlington, New Jersey. The letterhead also contained a "Reply to" section where defendant CAMERON checked a box indicating that the recipient should reply to either an "Ardmore, PA Office," a "Burlington, NJ Office," or a "Philadelphia, PA Office."

6

19. Defendant LEAFORD GEORGE CAMERON signed his letters with the suffix "Esquire" after his name, indicating that he was an attorney.

20. When sending a letter to victim "clients" seeking payment for services rendered, Defendant LEAFORD GEORGE CAMERON signed the letter as being from "Ann Marie Hyde, Acct. Dept.," in order to deceive victims into believing that he had an accounting department and staff at his fictitious law firm.

21. To facilitate his fraudulent law practice, defendant LEAFORD GEORGE CAMERON communicated with victim "clients" and the immigration courts via email from his MSN email account, "Camhamqc_law@msn.com."

22. Defendant LEAFORD GEORGE CAMERON also communicated with his victim "clients" about their respective cases, and about payments due to him for his fraudulent legal representation, via cell phone text messages.

23. From on or about February 9, 2014, to on or about January 29, 2015, defendant LEAFORD GEORGE CAMERON sent twenty-three (23) separate text messages via cell phone to victim "client" C.L.G., in which he discussed her legal matters and sought payment for his fraudulent legal services.

24. From on or about September 13, 2014, to on or about February 2, 2015, defendant LEAFORD GEORGE CAMERON sent twenty-two (22) separate text messages via cell phone to victim "client" A.P.C., in which he discussed her legal matters and sought payment for his fraudulent legal services.

25. Defendant LEAFORD GEORGE CAMERON also provided legal representation for victim "clients" M.G.T. and T.M.T. in a child custody case pending before the

Juvenile Court of Gwinnett County, Georgia, pursuant to which the victim "clients" paid defendant CAMERON a total of $1,990.00.

26. On or about March 28, 2012, in the Eastern District of Pennsylvania, and elsewhere, defendant

**LEAFORD GEORGE CAMERON,**
**a/k/a L. George Cameron,**
**a/k/a L. George W. Cameron,**
**a/k/a L. George William Cameron,**
**a/k/a L. St. George W. Cameron,**
**a/k/a L. St. George William Cameron,**
**a/k/a George W. Cameron**

for the purpose of executing the scheme described above, and attempting to do so, knowingly caused to be delivered by the United States Postal Service mail according to the directions thereon, and placed in a post office or authorized depository for mail matter, a letter mailed from Philadelphia, Pennsylvania to USCIS in St. Albans, Vermont, as part of his purported and fraudulent legal work on behalf of victim "client" J.J.R. in an immigration matter.

In violation of Title 18, United States Code, Section 1341.

## COUNTS TWO AND THREE

### (Wire Fraud)

### THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 through 6 of Count One are incorporated here.

### THE SCHEME

2. From at least in or about May 2003, through in or about February 2015, in the Eastern District of Pennsylvania, and elsewhere, defendant

**LEAFORD GEORGE CAMERON,**
a/k/a L. George Cameron,
a/k/a L. George W. Cameron,
a/k/a L. George William Cameron,
a/k/a L. St. George W. Cameron,
a/k/a L. St. George William Cameron,
a/k/a George W. Cameron

devised and intended to devise a scheme to defraud, and to obtain money and property through false and fraudulent pretenses, representations, and promises.

### MANNER AND MEANS

It was part of the scheme that:

3. Defendant LEAFORD GEORGE CAMERON operated a fraudulent law practice. Pursuant to his fraudulent law practice, defendant CAMERON pretended to be a lawyer in order to defraud victim "clients" by serving as their lawyer in legal matters.

4. Paragraphs 9 through 25 of Count One are incorporated here.

5. On or about the dates listed below, in the Eastern District of Pennsylvania and elsewhere, defendant

9

**LEAFORD GEORGE CAMERON,**
a/k/a L. George Cameron,
a/k/a L. George W. Cameron,
a/k/a L. George William Cameron,
a/k/a L. St. George W. Cameron,
a/k/a L. St. George William Cameron,
a/k/a George W. Cameron

for the purpose of executing the scheme described above, caused to be transmitted, by means of wire communication in interstate commerce, the signals and sounds described below:

| COUNT | DATE (On or About) | DESCRIPTION OF WIRE |
|---|---|---|
| 2 | January 5, 2015 | Cell phone text message sent from Florida to client "victim" C.L.G. in Illinois |
| 3 | January 29, 2015 | Cell phone text message sent from New York to client "victim" C.L.G. in Illinois |

All in violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

### (False Statements)

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 11, 2011, in the Eastern District of Pennsylvania, and elsewhere, defendant

**LEAFORD GEORGE CAMERON,**
a/k/a L. George Cameron,
a/k/a L. George W. Cameron,
a/k/a L. George William Cameron,
a/k/a L. St. George W. Cameron,
a/k/a L. St. George William Cameron,
a/k/a George W. Cameron

in a matter within the jurisdiction of the executive branch of the Government of the United States, willfully and knowingly falsified a material fact, and made materially false, fictitious, and fraudulent statements and representations, and made and used false writings and documents knowing the same to contain materially false, fictitious, and fraudulent statements and entries, that is, the defendant submitted a Form I-751 ("Petition to Remove Conditions on Residence") indicating that he was a member of the bar of the Commonwealth of Pennsylvania representing victim "client" J.J.R. to the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, when in fact the defendant knew that he was not an attorney.

In violation of Title 18, United States Code, Section 1001.

## COUNT FIVE

### (False Statements)

THE GRAND JURY FURTHER CHARGES THAT:

On or about August 23, 2011, in the Eastern District of Pennsylvania, and elsewhere, defendant

**LEAFORD GEORGE CAMERON,**
a/k/a L. George Cameron,
a/k/a L. George W. Cameron,
a/k/a L. George William Cameron,
a/k/a L. St. George W. Cameron,
a/k/a L. St. George William Cameron,
a/k/a George W. Cameron

in a matter within the jurisdiction of the executive branch of the Government of the United States, willfully and knowingly falsified a material fact, and made materially false, fictitious, and fraudulent statements and representations, and made and used false writings and documents knowing the same to contain materially false, fictitious, and fraudulent statements and entries, that is, the defendant submitted a Form G-28 ("Notice of Entry of Appearance as Attorney or Accredited Representative") indicating that he was a member of the bar of the Commonwealth of Pennsylvania representing victim "client" A.P.C. to the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, when in fact the defendant knew that he was not an attorney.

In violation of Title 18, United States Code, Section 1001.

## COUNT SIX

### (False Statements)

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 28, 2013, in the Eastern District of Pennsylvania, and elsewhere, defendant

**LEAFORD GEORGE CAMERON,**
a/k/a L. George Cameron,
a/k/a L. George W. Cameron,
a/k/a L. George William Cameron,
a/k/a L. St. George W. Cameron,
a/k/a L. St. George William Cameron,
a/k/a George W. Cameron

in in a matter within the jurisdiction of the executive branch of the Government of the United States, willfully and knowingly falsified a material fact, and made materially false, fictitious, and fraudulent statements and representations, and made and used false writings and documents knowing the same to contain materially false, fictitious, and fraudulent statements and entries, that is, the defendant submitted a Form EOIR-28 ("Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court") indicating that he was a member of the bar of the Commonwealth of Pennsylvania representing victim "client" O.F.G. to the U.S. Department of Justice, Executive Office for Immigration Review, when in fact the defendant knew that he was not an attorney.

In violation of Title 18, United States Code, Section 1001.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Sections 1341 and 1343, as set forth in this indictment, defendant

**LEAFORD GEORGE CAMERON,**
a/k/a L. George Cameron,
a/k/a L. George W. Cameron,
a/k/a L. George William Cameron,
a/k/a L. St. George W. Cameron,
a/k/a L. St. George William Cameron,
a/k/a George W. Cameron

shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of such offenses, including but not limited to the sum of up to $110,061.25.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

14

All pursuant to Title 18, United States Code, Section 981(a)(2) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
GRAND JURY FOREPERSON

_____
ZANE DAVID MEMEGER
UNITED STATES ATTORNEY