IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :

         v.          :        CRIMINAL NO. 15-415

LEAFORD GEORGE CAMERON      :

### GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1)

The United States of America, by its attorneys, William M. McSwain, United States Attorney, and Mary E. Crawley, Assistant United States Attorney, hereby respectfully requests that the Court enter a protective order, pursuant to Federal Rule of Criminal Procedure 16(d)(1), providing that the defense may use investigative materials produced in discovery only for preparation for the restitution hearing scheduled for Wednesday September 26, 2018, and may not disclose the information to third parties except as required to prepare for that hearing. In support of this motion, the government states:

1.       In February 2018, this defendant, Leaford George Cameron, was convicted at trial of one count of mail fraud, two counts of wire fraud and three counts of making false statements.  The defendant was convicted of these crimes in connection with his decades-long, multi-state fraud, in posing as a lawyer when he was not one.  The defendant operated a phony law firm, bilking over 100 victims out of fees that the victims paid him to handle immigration, real estate and other matters in court.

2.      On July 11, 2018, the Court sentenced the defendant to 12 years in prison. The Court scheduled a separate restitution hearing for September 26, 2018.

3.      The investigating agency has identified 105 victims of the defendant's fraud, who paid the defendant a total of approximately $171,752.11 for his bogus legal services. The majority of the materials breaking down how much each individual victim lost were provided to the defendant in discovery before trial. Some additional materials were generated in early September, from victims who were interviewed only recently. The government is ready to provide these materials to the defense (and did in fact provide them: first, under the terms of an agreed protective order, to which the defendant then refused to adhere; and next, in redacted form).[1]

4.      The new materials, while not voluminous, are replete with personal identifying information ("PII"), including social security numbers, dates of birth, addresses, telephone numbers, bank account numbers and other private information.  The government will make these documents available to defense counsel in electronic format. The personal identifiers in the discovery materials are the kind of information which is sensitive and subject to abuse and identify theft. The defendant, having been sentenced, is currently in prison.

4. The large volume of PII in the materials makes complete redaction of this personal identifying information impractical. Sensitive personal identifiers appear

---

[1]      Defense counsel has agreed not to view the unredacted materials that the government sent him, given his client's position.

throughout these materials, and while the government has already redacted it, use of the redacted materials would be difficult for the defense.

5.       In order to protect the privacy interests of the defendant's victims, and to prevent the potential misuse of others' personal and identifying information, the government respectfully requests that the Court enter a protective order limiting the use of the discovery materials provided to the defense to the preparation for the restitution hearing, prohibiting counsel from giving his client copies of the materials in the prison, and further prohibiting the defense from disclosing the discovery materials to third parties except as required to prepare for that hearing. These reasonable restrictions upon the use and disclosure of the discovery materials also will minimize the risk of third parties obtaining the materials in the prison.

6.       Rule 16 of the Federal Rules of Criminal Procedure provides in pertinent part that: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).

7.       The Supreme Court has noted that the courts may use protective orders to restrict the use of materials produced in discovery:

> [T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.

*Alderman v. United States*, 394 U.S. 165, 185 (1969). *Cf. United States v. McDade*, 1994 WL 161243, at *3-5 (E.D. Pa. Apr. 15, 1994) (limiting use of criminal deposition "solely for the preparation and conduct of the proceeding" and prohibiting any further disclosure); *United States v. Smith*, 602 F. Supp. 388, 397-98 (M.D. Pa. 1985) (rejecting

press request to unseal bill of particulars containing the names of unindicted coconspirators; "no First Amendment right of access to inspect and copy judicial records and documents that contain information which was produced in pre-trial discovery proceedings").

8.      The materials at issue here are discovery materials, including a spreadsheet and an interview report, which are furnished to defense counsel solely to aid his preparation for the restitution hearing. Some of this information will be subject to public disclosure when it is introduced at the hearing. The government has an obligation to present all admissible evidence to prove the victims' loss; the defense has an obligation to use all admissible material in zealously contesting the loss figure; and the public has an unquestioned right of access to court proceedings. That constellation of interests will erase any remaining privacy right in the evidence. But that is not the state of the matter now. At this point, the discovery materials at issue consist not of evidence, but of investigatory materials for which no right of access exists or should be created.

9.      Protective measures are also appropriate for the many discovery materials that contain personal identifying information. Pursuant to Rule 16(d)(1), courts routinely tailor protective orders to address the specific concerns about discovery materials that exist in particular cases. Thus, for example, a court in the Southern District of New York granted a protective order that (a) required defense counsel to return or destroy all copies of Jencks material at the conclusion of the case, (b) prohibited defense counsel from disseminating material to anyone other than the defendants and the defense team, and (c) prohibited defendants from possessing in any jail facility any of the materials

disclosing or referring to the identity and expected testimony of any witness other than a government agent, except when reviewing such materials in the presence of defense counsel. *United States v. Garcia*, 406 F. Supp. 2d 304, 306 (S.D.N.Y. 2005) (observing that defendants "have no right to extended independent review of [Jencks Act] materials in the privacy of their cells"); *United States v. Rivera*, 153 F. App'x 758 (2d Cir. 2005) (not published) (district court's protective order prohibiting defendant from retaining Jencks Act material at his detention facility did not deprive defendant of effective assistance of counsel, where defendant was given ample opportunity to review Jencks Act material and to consult his lawyer regarding that material).

10.     The cases cited above demonstrate that the Court is empowered to tailor a protective order to address the specific concerns about discovery that exist in a particular case, and here that is to protect the defendant's victims, whose sensitive information and personal identifying information appear throughout the discovery materials from the harm potentially resulting from the dissemination of this type of information.

11.     Counsel for the defendant has authorized the government to state that the defendant objects to this motion and takes the position that he (the defendant) is entitled to obtain while incarcerated, copies of non-redacted materials.

Wherefore, based on the foregoing, the government respectfully requests that the Court enter a protective order pursuant to Rule 16(d)(1) in the form of the proposed order attached to this motion.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney


 */s/ Mary E. Crawley*
MARY E. CRAWLEY
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 15-415 |
| LEAFORD GEORGE CAMERON | : | |

ORDER

AND NOW, this ____ day of _____, 2018, upon consideration of the government's motion for a protective order, and the defendant's response, it is ORDERED that the motion is GRANTED. The Court finds that good cause exists to enter the protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure. The Court has considered the "specific examples" of harm and "articulated reasoning" as set forth by the government in its motion. *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007). The Court has also considered the public interest in the discovery materials and concludes that, at this stage, no First Amendment or common law right of access has attached to the records. *See id.* at 208-11; *North Jersey Media Group v. United States*, 836 F.3d 421, 434-36 (3d Cir. 2016). On balance, the public's interest in the discovery materials is outweighed by the "clearly defined" and potentially "serious injur[ies]" that would result from disclosure. *See* Fed. R. Crim. P. 16(d)(1); *Wecht*, 484 F.3d at 212.

IT IS FURTHER ORDERED pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure that defense counsel may make such use of the discovery materials

only as is necessary to prepare for the restitution hearing, including the disclosure of the material to the defendant. Defense counsel may not give copies of the discovery materials to his client. Defense counsel, the defendant, or any other person to whom disclosure is made pursuant to this paragraph may not use the discovery materials for any purpose other than preparation for the restitution hearing, and may not disclose the discovery materials or information contained in the discovery materials to any third party, except as required to prepare for the restitution hearing. Defense counsel shall maintain a log of every person to whom disclosure of the discovery materials is made, and shall obtain from every such person at the time of disclosure the following written statement:

> "I acknowledge that discovery materials have been disclosed to me for the purpose of assisting defendant Leaford George Cameron in preparing for trial and/or using such materials at the restitution hearing in Criminal No. 15-415. I have read the Order of the Court dated _____, 2018, permitting such disclosure to me, and agree as directed in that Order that I will use the discovery materials only for preparation for the restitution hearing, and will not otherwise disclose the discovery materials or information contained in the discovery materials to any third party. I acknowledge that a violation of the Court's Order may result in penalties for contempt of court."

BY THE COURT:

_____
HONORABLE GENE E.K. PRATTER
*Judge, United States District Court*

- 2 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a true and correct copy of the Government's

Motion for a Protective Order Pursuant to Federal Rule of Criminal Procedure 16(d)(1)

on the following by electronic filing:

Christopher Furlong, Esquire


 */s/ Mary E. Crawley*_____
MARY E. CRAWLEY
Assistant United States Attorney