IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 15-415 |
| v. | : | |
| LEAFORD GEORGE CAMERON | : | |

### DEFENDANT, LEAFORD GEORGE CAMERON'S
### RESPONSE TO GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

1. It is acknowledged that the Defendant, Leaford George Cameron, hereinafter referred to as Cameron, was convicted at a trial as set forth herein. This Court oversaw same and is well familiar with the facts of the allegations related thereto. There is no need to reiterate same for the Court in light of the fact that it has already issued a sentence in this matter.

2. Admitted.

3. It is acknowledged that the Government on Friday, September 14, 2018 had discussions with Cameron's counsel indicating that it wished to have a Protective Order entered in the case for the information that it would be sending over to the Defense before the hearing to be held on September 26, 2018. Based on the Government's request and in order to facilitate the obtaining of said information, defense counsel agreed to the conditions that he would only show those documents to his client and not leave the documents with him which would have information relative to the substantial claims of former clients. Upon advising Cameron of the fact that Defense counsel had agreed to such a procedure, Cameron indicated the fact that it was his position that it was necessary for him to have this information as it was essential to preparation for the hearing and his ability to respond to these purported claims. As a result, counsel advised the Government over the weekend that he did not

have the authorization to enter into the agreement which he had previously executed and had been filed with the Court. Counsel communicated with this Court's Courtroom Deputy to request that it not sign that document which had been submitted under Docket Entry No. 122. As a result of that occurrence, counsel informed the Government as it has set forth in its Footnote No. 1 of its Motion.

4. The Government to a certain extent has created its own issue. Certain personal information that it set forth in the spreadsheets provided didn't necessarily didn't have to be placed thereon. Said information was in all probability injected under a premise of completeness. However, it goes without saying that the vast majority of this information is known to Cameron as he obviously had relationships with these individuals over the years. It is acknowledged by Cameron that he is in prison. However, there can be safeguards imposed should the Court have any reservations about Cameron having continual access to this information in order to prepare himself and counsel for the upcoming Hearing.

4. (sic) Due to the events of the weekend, the Government has attempted to redact certain aspects of the spreadsheet provided. Unfortunately, because it is redacted to such an extent, it makes the information set forth therein totally meaningless and will not assist the defense in preparing for the preparation of the upcoming Hearing.

5. By granting the relief sought by the Government, it will create further issues for the Defense in adequately preparing for the Restitution Hearing and may well require a request for an extension of time in order to pursue any other avenues in the review of the materials presented. Again, Cameron believes that there are procedures

2

in the prison would protect the interests of the individuals identified in these documents and thus not create the issue about which the Government is concerned about.

6. It is agreed that the Court has such powers.

7. It is acknowledged that the courts under certain circumstances are authorized to protect information relative to certain aspects of a criminal prosecution. Recently, it appears as a regular course in most criminal cases, that the Government seeks protective orders when it provides discovery information under the premise of continuing investigations. This is not what is the case in the matter sub judice, but rather related to the purported victims and personal verifying information relative to them.

8. Cameron's counsel accepts the representation made by the Government about the documents which has been provided to him in an un-redacted fashion. As indicated previously, because of the change in circumstances as to its original submission to Defense counsel, counsel has taken the position that it should not be reviewing that information at this time because he was provided under a belief of a specific premise and that premise presently does not exist.

9. It is acknowledged that over a period of time, the Federal Courts throughout this country have entered protective orders relative to information that is provided to the defense as well as certain conditions and qualifiers as to its use and dissemination. However the vast majority of those requests deal with issues of personal safety from harm relative to individual cases should the information become public knowledge. Not every case warrants the redaction of information relative to witnesses and/or victims.

10. Again, it is acknowledged that courts have the power to tailor protective orders to address certain specific concerns. However in the case sub judice, these concerns are not necessarily justified and required under the circumstances as it pertains to this particular individual. It might be more pertinent in a case where a defendant was charged with identity theft of individuals and this information was being provided to that particular defendant who in the past has shown a history a lack of respect to individuals' identifying characteristics. That's not what this individual has been convicted.

11. Agreed. Counsel objects to this Protective Order and advises the Court that it will hamper the defenses ability to fully prepare for the Hearing coming up next week as well as intrude on Cameron's rights to be confronted with information from accusers and knowledgably respond thereto having had a history with certain individuals that he probably will not be able to identify without the information that the Government has provided apparently on these forms.

**WHEREFORE**, Defendant, **LEAFORD GEORGE CAMERON**, respectfully requests that the Government's Motion for Protective Order Pursuant to Rule 16(d)(1) be **DENIED**.

Respectfully Submitted,

CHRISTOPHER G. FURLONG, ESQ.
Attorney for Defendant,
Leaford George Cameron

## CERTIFICATE OF SERVICE

I, **CHRISTOPHER G. FURLONG, ESQUIRE**, counsel for the Defendant, **LEAFORD GEORGE CAMERON**, hereby certify that I served a true and correct copy of Defendant's Response to Government's Motion for Protective Order upon the following and in the following manner:

**Via Email and ECF Filing:**

>Mary E. Crawley
>Assistant United States Attorney
>United States Attorney's Office
>615 Chestnut Street, Suite 1250
>Philadelphia PA 19106
>(215) 861-8519
>mary.crawley2@usdoj.gov

**Via Mail:**

>Leaford George Cameron
>ID #72386-066
>Federal Detention Center
>P.O. Box 562
>Philadelphia, PA 19106

9/18/18
DATE

**CHRISTOPHER G. FURLONG, ESQUIRE**